## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|   |   |   |
|---|---|---|
| MICHIGAN ELECTRICAL EMPLOYEES HEALTH PLAN, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-10-1164-D |
| GRANITE RE, INC. and BANCINSURE, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion to Dismiss [Doc. No. 14] filed by Defendants Granite Re, Inc. ("Granite") and BancInsure, Inc. ("BancInsure"). Pursuant to Fed.R.Civ.P. 12(b)(3) and 12(b)(6), Defendants argue that venue is improper in this Court and that the Complaint fails to state a claim upon which relief may be granted against Granite. Plaintiffs timely responded to the Motion, and Defendants filed a reply. Thus, the Motion is at issue.

Background:

Plaintiffs bring this action to recover amounts allegedly due and owing from Granite and BancInsure on a performance bond (the "Bond") issued by BancInsure to secure the performance by J & N Electric, Inc. ("J & N") of its obligations pursuant to a subcontract for work in connection with the construction of a Wal-Mart store in Michigan. According to the allegations in the Complaint, Plaintiffs Michigan Electrical Employees Health Plan, Michigan Upper Peninsula IBEW Pension Plan, and IBEW Local 1070 Apprenticeship Plan are employee welfare benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U. S. C. § 1002(2)

*et seq.* (the "Plans"). Plaintiffs Robert Koerschner and Robert Schumaker are trustees of the Plans ("Trustees"), and Plaintiff IBEW Local 1070 Dues Fund ("Fund") is a trust fund created for purposes of "accepting and crediting union members' worked dues." Complaint ¶ 5.

Plaintiffs allege that participants in the Plans were employed by J & N to perform work in connection with the subcontract; they allege that J & N failed to timely pay benefit contributions to the Plans on behalf of these employees and to make contributions to the Fund for the employees' union dues. According to Plaintiffs, the obligations secured by the Bond included J & N's duty to make those payments on behalf of its employees who performed work pursuant to the subcontract. Plaintiffs also allege that, after J & N failed to make these payments, Plaintiffs presented a claim to BancInsure and/or Granite for payment pursuant to the Bond. According to Plaintiffs, Granite and BancInsure wrongfully denied those claims. Plaintiffs seek recovery from them of the claimed amounts.

In their Motion to Dismiss, Granite and BancInsure argue that this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue because the Bond contains a forum selection clause requiring suit to be filed only in the state where the subject work was performed, and it is undisputed that no work was performed in Oklahoma. They also seek dismissal of Granite pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Complaint fails to state a claim against Granite because it is not a party to the Bond on which Plaintiffs rely as the basis for their claims, and Plaintiffs assert no factual allegations on which Granite could be liable on any other basis.

<u>Analysis:</u>

In the Complaint, Plaintiffs allege that venue is proper in this Court under 28 U. S. C.

§1391(a)(1)[1] and (c) because subject matter jurisdiction is based on diversity of citizenship,[2] and Defendants are Oklahoma corporations residing in Oklahoma. Complaint ¶¶ 9-10.

Where subject matter jurisdiction is based only on diversity of citizenship, venue is proper, *inter alia,* in a "judicial district where any defendant resides, if all defendants reside in the same State." 28 U. S. C. § 1391(a)(1). Although Defendants do not dispute their status as residents of Oklahoma and this judicial district, they contend venue is improper here because the Bond under which Plaintiffs seek to recover contains an express venue selection clause precluding suit here. The Bond, attached to the Complaint as Exhibit 1, provides in pertinent part:

> (3) No suit or action shall be commenced hereunder by any claimant,
>
> (a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract [sic] it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.
>
> (b) <u>Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.</u>

Bond, Complaint Exhibit 1 at p. 2 (emphasis added). As Defendants argue, Plaintiffs expressly allege in the Complaint that the Bond secured J & N's performance on the subcontract for the construction of a Wal-Mart in Sault Ste. Marie, Michigan, and the work performed by the Plan and

---

[1] Although the Complaint expressly references § 1391(b)(1), that venue provision applies only where jurisdiction is not founded solely on diversity of citizenship. 28 U. S. C. § 1391(b). Plaintiffs' only alleged basis for jurisdiction is diversity of citizenship; accordingly, the correct venue provision is § 1391(a), which applies where jurisdiction is based only on diversity of citizenship. In any event, both sections provide that venue is proper where "any defendant resides, if all defendants reside in the same State." 28 U. S. C. §§ 1391(a)(1) and 1391 (b)(1).

[2] Plaintiffs allege that they are citizens and residents of Michigan or states other than Oklahoma, and Defendants are Oklahoma corporations and are citizens and residents of Oklahoma; the amount in controversy is alleged to exceed the sum of $75,000.00. Complaint ¶ 8. Defendants do not dispute these allegations.

3

Fund participants is alleged to have occurred only at that location. Complaint ¶ 13. Thus, Defendants argue that, pursuant to Plaintiffs' allegations and the express terms of the Bond, a lawsuit for performance under the Bond must be filed in a state or federal court in Michigan.

Although Plaintiffs agree the Bond contains the quoted venue provision, they argue that they are not bound by that provision because they did not execute the Bond. Alternatively, they argue it would be unreasonable and unfair to enforce the provision, and that enforcement is contrary to Oklahoma public policy.

Because the clause at issue requires litigation in a state or federal forum of the state in which the project is located, "and not elsewhere," it constitutes a mandatory forum selection clause. "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 -927 (10th Cir. 2005) (citing *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002)).

Mandatory forum selection clauses are *"prima facie* valid" and should be enforced as a general rule. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972). An exception arises, however, where a party demonstrates that enforcement of the clause would be unreasonable or unjust, that the "clause is invalid for such reasons as fraud or overreaching," or its enforcement is contrary to the public policy of the chosen forum state. *Id.* at 15; *Excell, Inc. v. Sterling Boiler and Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). Even where the forum selection clause establishes a remote forum for resolution of conflicts, the party claiming unfairness has a "heavy burden of proof." *Shute v. Carnival Cruise Lines*, 499 U.S. 585, 594 (1991). The party opposing enforcement

has the burden to "show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U. S. at 18.

In this case, Plaintiffs' initial argument in opposition to enforcement is based on the fact that they did not execute the Bond and did not agree to the forum selection requirement.[3] Alternatively, they argue enforcement is unreasonable and contrary to Oklahoma public policy because the Bond requires that actions to enforce it be brought within one year, and Oklahoma prohibits application of that time period to this claim. For the following reasons, the Court finds these contentions insufficient to avoid enforcement of the clause.

Although the Tenth Circuit Court of Appeals has not considered the enforceability of a forum selection clause against a non-party to the contract containing that clause, other courts have done so. There is "ample support for the conclusion that the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Aguas Lenders Recovery Group v. Suez, S. A.*, 585 F. 3d 696, 701 (2d Cir. 2009). In *Aguas*, the Court cited other circuit decisions in which forum selection clauses were enforced against non-signatories. *See Holland Am. Line Inc. v. Wartsila North Am., Inc.,* 485 F. 3d 450, 456-57 (9th Cir. 2009); *Marano* Enterprises *of Kansas v. Z-Teca Restaurants, L. P.*, 254 F. 3d 753, 757 (8th Cir. 2001); *Lipcon v. Underwriters at Lloyd's, London*, 148 F. 3d 1285, 1299 (11th Cir. 1998).

Some of these decisions hold that a non-signatory is bound by a forum selection clause only if the non-signatory is "closely related" to a signatory, or the non-signatory has interests in the

---

[3]Plaintiffs do not argue the clause is unenforceable because of fraud or overreaching. Although they suggest J & N was required to execute the bond on a "take it or leave it" basis, they assert no factual basis for that contention, and offer no evidence to support fraud or overreaching.

litigation that are "directly related to, if not predicated upon" the interest of the signatories. *See, e.g., Marano*, 254 F. 3d at 456-57. The "closely related" requirement has also been satisfied where the non-party is closely related to the dispute which stems from the agreement in which the forum selection clause appears. As the Seventh Circuit observed, "[i]n order to bind a non-party to a forum selection clause, the party must be closely related to the dispute such that it becomes foreseeable that it will be bound." *Hugel v. Corp. of Lloyd's*, 999 F. 2d 206, 209 (7th Cir. 1993).

In support of their contrary position, Plaintiffs rely primarily on *Eads v. Woodmen of the World Life Insurance Society,* 785 P. 2d 328, 331 (Okla. Civ. App. 1989), which held a mandatory forum selection clause unenforceable against an employee suing for wrongful termination. Contrary to Plaintiffs' contention, however, *Eads* does not hold that forum selection clauses are not enforceable against non-signatories; in fact, the employee was a signatory to the agreement containing the clause. Instead, the court found enforcement unreasonable because the clause was the result of overreaching by the employer, who required employees to consent as a condition of employment. 785 P. 2d at 331. In fact, in *Eads*, the court acknowledged that "forum selection clauses are *prima facie* valid and should be enforced unless they can be shown to be unreasonable under the circumstances." *Id.* at 330. Plaintiffs offer no Oklahoma authority holding that mandatory forum selection clauses are *per se* unenforceable against a non-signatory. Although Plaintiffs cite four decisions in which a court refused to enforce such clauses, those decisions are based on the specific facts presented and conclude that, under the facts, enforcement would be unfair or unreasonable. *See, e.g., The Sportsman Channel, Inc. v. the Small Group, Inc.*, 2008 WL 2909811, at *3 (E. D. Wis. July 25, 2008) (unpublished opinion) (holding clause inserted via an amendment to a previously executed agreement was a material alteration to that agreement, and was

6

unenforceable against parties who did not agree to the alteration); *Nagrampa v. Mailcoups, Inc.*, 469 F. 3d 1257, 1289-90 (9th Cir. 2006) (the contract containing the clause was an "oppressive contract of adhesion," the opposing party had no notice of the clause, and California did not enforce such clauses if notice was lacking); *Thompson v. Fajerstein*, 2008 WL 4279983, at *4 (N.D. Ill. Sept. 17, 2008) (unpublished opinion) (there was no evidence the plaintiff received the invoice containing the clause, and evidence reflected he did not sign it); *Electroplated Metal Solutions, Inc. v. American Services, Inc.*, 500 F. Supp. 2d 974 (N. D. Ill. 2007) (plaintiff never received portion of the agreement containing the clause, and otherwise had no notice of it prior to executing the agreement).

The facts presented by the decisions cited by Plaintiffs are clearly distinguishable from those in this case. In this case, Plaintiffs clearly had actual notice of the mandatory forum selection clause because it is expressly set forth in the Bond on which they base their claims for recovery. J & N Electric, the non-party subcontractor, is a party to the Bond, and the Bond is the only basis for Plaintiffs' attempt to hold Granite and BancInsure liable for J & N's monetary obligations to the Plans and the Fund. There is no argument or evidence to indicate lack of notice, nor is there argument or evidence suggesting that the mandatory clause was the result of fraud or overreaching. As Defendants argue in their reply, Plaintiffs seek enforcement of the Bond obligations as third-party beneficiaries of its provisions. The Court concludes that, under these facts and based on the law applied in other circuits, the fact that Plaintiffs did not execute the Bond does not excuse them from compliance with the mandatory forum selection clause.

Plaintiffs next argue that enforcement of the clause is unreasonable and unfair because the Bond requires that all claims be presented within one year of the completion of work on the project. According to Plaintiffs, they made a claim to Granite, which delayed making a decision until after

the limitations period expired, and then denied Plaintiffs' claim as untimely. Affidavit of Philip R. O'Brien, an attorney for the Plans, submitted as an unmarked exhibit to Plaintiffs' response brief. Plaintiffs contend that Oklahoma prohibits enforcement of an agreement containing a limitations period shorter than that under the otherwise applicable statute, and enforcement of the forum selection clause would be unreasonable and a violation of Oklahoma's public policy.

Courts considering the impact of the statute of limitations on a mandatory forum selection clause have generally rejected arguments similar to that raised by Plaintiffs. According to the Fifth Circuit, statute of limitations considerations should not apply to determining whether enforcement of the clause is fair and reasonable. *Trafigura Beheer B.V. v. M/T PROBO ELK,* 266 F.App'x. 309, 312 (5th Cir. 2007) (unpublished decision) (citing *New Moon Shipping Co. v. MAN B & W Diesel AG,* 121 F. 3d 24, 32 (2d Cir. 1997) and *Union Steel Am. Co. v. M/V Sanko Spruce,* 14 F. Supp. 2d 682, 696 (D. N.J. 1998)); *General Elec. Co. v. G. Siempelkamp GmbH & Co.*, 809 F.Supp. 1306, 1314 (S.D. Ohio 1993); *Brodsky v. Match.com LLC* 2009 WL 3490277, at *3 (S.D.N.Y. Oct. 28, 2009) (unpublished opinion) (citing *New Moon*, 121 F.3d at 32). Further, as the Second Circuit reasoned,"[C]onsideration of a statute of limitations would create a large loophole for the party seeking to avoid enforcement of the forum selection clause. That party could simply postpone its cause of action until the statute of limitations has run" in the forum designated by the clause, and then file its action elsewhere. *New Moon*, 121 F. 3d at 32.

As the Second Circuit acknowledged in *New Moon*, however, some courts have found the limitations issue a factor to consider in determining the reasonableness of enforcing a mandatory forum selection clause. *See Krol v. AAMCO Transmissions, Inc*., 1991 WL 276006 (E.D.Pa. Dec. 19, 1991) (unpublished opinion). The court in *Krol* reasoned that such consideration was proper

8

because *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1 (1972), requires a court to determine if enforcement of the clause would seriously impair a plaintiff's ability to pursue his cause of action. *Krol,* 1991 WL 276006, at * 2 (citing *M/S Bremen*, 407 U. S. at 16).

Under the facts of this case, however, the Court finds Plaintiffs' contention insufficient to preclude enforcement of the mandatory forum selection clause. The limitations period in the Bond does not purport to be based on any particular state law; thus, it could be raised by Defendants in this Court or another forum. Plaintiffs' argument does not suggest that the limitations period is based on Michigan law. Furthermore, the Bond does not purport to dictate the state law that will govern interpretation of its terms and provisions; the forum selection clause and other provisions of the Bond are silent as to the governing law. Finally, the Bond expressly states that the one-year limitations period may be impacted by the law governing the agreement's construction, as it expressly provides "however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law." Bond, Complaint Exhibit 1 at p. 2.

Pursuant to this language, Plaintiffs are not precluded from arguing that a more extensive limitations period is provided by the governing state law; nor does the Bond prohibit them from arguing that Oklahoma law applies. To the extent that Plaintiffs seek to avoid the limitations period based on Granite's allegedly improper conduct, they can also assert that argument in a Michigan forum. Based on the arguments submitted and the facts of this case, litigating in a Michigan forum dictated by the Bond's mandatory forum selection clause does not impair Plaintiffs' right to assert these claims.

The Court also finds unpersuasive Plaintiffs' argument that enforcement of the clause is

9

contrary to Oklahoma public policy. That argument has been deemed a valid consideration when ruling on the enforcement of mandatory forum selection clauses. *See Stewart*, 487 U. S. at 30; *M/S Bremen*, 407 U.S. at 15. However, Plaintiffs in this case do not argue that Oklahoma public policy does not recognize the validity of mandatory forum selection clauses.[4] Instead, they again argue Oklahoma public policy prohibits enforcement of the limitations period in the Bond. As discussed *supra*, however, the Bond language does not preclude Plaintiffs from asserting in Michigan their argument opposing application of the Bond limitations period. Nor does enforcement of the forum selection clause preclude Plaintiffs from arguing that Oklahoma law should govern the claims and defenses in this dispute. Furthermore, uncertainty regarding a plaintiff's ability to pursue a state law claim in another forum has been held insufficient to deny enforcement of a mandatory forum selection clause; "mere doubts" that a claim might not survive were insufficient to preclude enforcement of a forum selection clause because the plaintiff was "free to argue" that he could pursue the claim in the mandated forum state. *Id.* *Huffington v. T. C. Group, LLC*, 637 F. 3d 18 (1st Cir. 2011). Even if litigating in the mandated forum requires parties to "structure their cases differently" than they would if litigating in the current forum, that alone is not sufficient to contravene public policy and avoid enforcement of the forum selection clause. *Shell v. R. W. Sturge, Ltd.*, 55 F. 3d 1227, 1231 (6th Cir. 1995).

The Court thus concludes that Plaintiffs' arguments are inadequate to overcome the strong presumption that the mandatory forum selection clause is enforceable under these circumstances.

---

[4] As Defendants point out, the decision cited by Plaintiffs, *Thomas L. Hall v. The Superior Court of Orange County*, 150 Cal. App. 3d 411 (1983) involved a securities claim brought in California and applying California law; the case did not involve Oklahoma law or identify an Oklahoma public policy. As Defendants also point out, Oklahoma and other courts have recognized forum selection clauses are generally valid, including a clause contained in a payment bond. *See, e.g., United States ex rel. B&D Mechanical Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F. 3d 1115 (10th Cir. 1995) (applying Oklahoma law).

Accordingly, the clause is enforceable.

Where, however, a Rule 12(b)(3) motion is based on a forum selection clause, the Court is also required to apply the analysis governing 28 U. S. C. § 1404(a), which permits a Court to transfer venue, in the interest of justice, for the convenience of parties and witnesses. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 30-31 (1988). The forum selection clause must, however, be a "significant factor that figures centrally in the district court's calculus." *Id.* at 29. Where, as here, the forum selection clause is mandatory, "[t]he venue mandated by a choice of forum clause rarely will be outweighed by other § 1404(a) factors." *Stewart*, 487 U. S. at 33.

In this case, consideration of these factors does not alter the Court's conclusion that the forum selection clause in the Bond must be enforced. In fact, the allegations in the Complaint establish that Michigan presents a more convenient forum for the parties. Most, if not all, Plaintiffs are citizens and residents of Michigan; no Plaintiff resides in Oklahoma; the only Oklahoma residents are the Defendants who seek enforcement of the forum selection clause. According to the Bond attached to the Complaint and cited therein, J & N is located in Michigan, as is its contractor, Moyle Construction, Inc. Furthermore, Plaintiffs expressly allege that the work performed by their Plan and Fund participants and allegedly governed by the Bond occurred only in Michigan. Complaint at ¶¶ 13, 16, 18. In fact, the only Oklahoma connection to this dispute is the fact that the Defendants reside here;[5] because Defendants seek enforcement of the forum selection clause, any inconvenience to them is not an issue. Although Plaintiffs argue that the witnesses who can testify regarding Granite's refusal to honor their claim will be Granite employees who presumably are

---

[5]Although Plaintiffs suggest the Bond was drafted and executed in Oklahoma, there is no evidence before the Court supporting those arguments. The Bond does not identify the location where it was executed. In any event, the location of the Bond's drafting and execution does not impact the decision regarding enforcement of the forum selection clause.

located in Oklahoma, Granite obviously does not claim that litigation in Michigan will be inconvenient for its employees. Furthermore, Granite and BancInsure argue that witnesses for all other parties are located in Michigan, and Defendants would likely be unable to compel non-party witnesses to appear in this forum. Finally, Plaintiffs argue that, if the Court grants Defendants' motion, the case should not be dismissed but should be transferred to federal court in Michigan.

Conclusion:

The Court concludes that, under the circumstances presented, the mandatory forum selection clause must be enforced, and doing so best serves the interest of justice and the convenience of the parties. Accordingly, Defendants' Motion [Doc. No. 14] is GRANTED in part and DENIED in part; the motion is granted to the extent that Defendants seek enforcement of the mandatory forum selection clause in the Bond. To the extent Defendants seek dismissal, the motion is denied; instead, this case shall be transferred to the appropriate federal court in Michigan.[6] The Clerk of the Court is directed to take the necessary action to effectuate the transfer of this case to United States District Court for the Western District of Michigan, Northern Division.

IT IS SO ORDERED this 16th day of May, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] Because this action is being transferred, the Court declines to address Defendants' Rule 12(b)(6) motion to dismiss Granite. That issue is best reserved for adjudication by the transferee court.

12